# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**LINDA RANSOM O/B/O**                                                             **PLAINTIFF**
**CHARLES RANSOM**

**V.**                                  **CIVIL ACTION NO. 3:16CV601-WHB-LRA**

**NANCY A. BERRYHILL, ACTING**
**COMMISSIONER OF SOCIAL SECURITY**                       **DEFENDANT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Linda Ransom, on behalf of Charles Ransom (deceased), appeals the final decision granting her husband's applications for disability insurance benefits ("DIB") and supplemental security income (SSI). The Commissioner requests an order pursuant to 42 U.S.C. § 405(g), affirming the final decision of the Administrative Law Judge. Having carefully considered the hearing transcript, the medical records in evidence, and all the applicable law, the undersigned recommends that this case be remanded for the reasons that follow.

On August 3, 2011, Charles Ransom filed applications for SSI and DIB alleging a disability onset date of January 1, 2011, which was later amended to February 11, 2011. He was 52 years old on his application date, and alleged disability due to knee and back problems and hand numbness. He had a high school education and worked as a press operator for approximately 18 years. Following agency denials of his applications, an Administrative Law Judge ("ALJ") rendered an unfavorable decision dated March 5, 2013, finding that he had not established a disability within the meaning of the Social

Security Act. On March 28, 2013, Ransom was diagnosed with gastric cancer with liver metastasis. He died on July 6, 2013. His widow, Linda Ransom, was substituted as the surviving party of interest and filed the instant appeal following the Appeals Council's denial of her request for review.

On April 3, 2015, this cause was reversed and remanded pursuant to an agreed order for further administrative proceedings. The remand order instructed the ALJ do the following:

1) further develop and obtain medical records relevant to the period of January 1, 2011, through July 6, 2013, in an attempt to determine when Plaintiff was diagnosed with gastric cancer with liver metastasis and, if warranted, assess any limitations related to that impairment;

2) consider the medical source opinions and provide a rationale for either accepting or rejecting them;

3) obtain medical expert evidence to provide a longitudinal overview of the nature and severity of Plaintiff's medically determinable impairments and any limiting effects prior to July 6, 2013;

4) if warranted, further evaluate Plaintiff's maximum residual functional capacity throughout the period remaining at issue; and,

5) as indicated, obtain supplemental evidence from a vocational expert.[1]

Following remand, Plaintiff's counsel submitted a written request to amend the onset date from February 11, 2011, to March 28, 2013 – the date of Mr. Ransom's cancer diagnosis. The ALJ granted the request, and found Mr. Ransom disabled from March 28, 2013, until his death on July 6, 2013. This finding rendered Plaintiff ineligible to recover any benefits.

---

[1] ECF No. 10, pp. 365-66.

**Standard of Review**

Judicial review in social security appeals is limited to two basic inquiries: "(1) whether there is substantial evidence in the record to support the [ALJ's] decision; and (2) whether the decision comports with relevant legal standards." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (citing *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991)). Evidence is substantial if it is "relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quoting *Anthony v. Sullivan*, 954 F.2d 285, 295 (5th Cir. 1992)). This Court may not re-weigh the evidence, try the case *de novo*, or substitute its judgment for that of the ALJ, even if it finds evidence that preponderates against the ALJ's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994).

**Discussion**

Plaintiff requests that the ALJ's decision awarding benefits be reversed, or alternatively remanded, for reconsideration of the disability onset date. The onset date of disability is the first day an individual is defined as disabled under the Act. The regulations provide that "the onset date is critical; it may affect the period for which the individual can be paid and may even be determinative of whether the individual is entitled to or eligible for any benefits." Titles II and XVI: Onset of Disability, Social Security Ruling 83-20, 1983 WL 31249, at *1 (Jan. 1, 1983). As a result, 'it is essential that the onset date be correctly established and supported by the evidence. . . ." Among

the "[f]actors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence." *Id.* While these factors are evaluated together, "the individual's allegation . . . is significant in determining onset only if it is consistent with the severity of the condition(s) shown by the medical evidence." *Id.*

In the present case, Plaintiff charges that the ALJ failed to obtain her informed consent to the amended onset date. She asserts that, despite representations by her administrative counsel to the contrary, she did not knowingly and voluntarily consent to changing her husband's onset date. The Commissioner argues that Plaintiff's appeal is not a justiciable one because benefits were awarded as of the amended onset date, and she therefore lacks standing under 42 U.S.C. § 405 (g) to appeal a fully favorable decision.[2] In the alternative, the Commissioner contends that the amended onset date is supported by substantial evidence. Plaintiff responds that the decision was not "fully favorable" because the onset date, amended without her consent, forfeited her rights to Title II benefits. She cites the Social Security Act's requirement that a five-month waiting period must be met before an individual becomes entitled to disability benefits, 42 U.S.C. §

---

[2] Courts have utilized different approaches for analyzing this issue. *See Figueroa v. Astrue*, No. 10-393, 2011 WL 3502394, at *7 (S.D. Tex., 2011) (observing that "[w]hile courts often discuss lack of standing to appeal favorable Social Security claims in terms of Article III standing, . . . the issue is more aptly characterized as one of statutory standing pursuant to the rules of 'federal appellate practice.' . . . That is to say, Plaintiff does not lack Article III standing, as he manifestly retains 'the necessary personal stake in the appeal,' but he is filing an action not contemplated by the statute under whose authority he sues." (internal quotation and citations omitted). *But Compare, Martin v. Colvin,* No. 15-761, JDB-AK, 2016 WL 7839131, at *5 (D.D.C., Aug. 14, 2016) ("While the undersigned agrees that Plaintiff also lacks statutory standing because Section 405(g) does not contain any provision for judicial review of a fully favorable decision, such an analysis is redundant because Congress cannot grant statutory standing where Article III standing is lacking.").

4

423(a)(1), which cease in the month of death. 20 C.F.R. § 404.316(b)(1). By amending her husband's onset date to March 28, 2013, she notes that she did not meet the five-month waiting period.

## I.

As an initial matter, the Commissioner is correct that jurisdiction under 405(g) contemplates judicial review of unfavorable decisions. "It makes no provision for judicial review of a determination favorable to the complainant." *Jones v. Califano*, 576 F.2d 12, 18 (2d Cir. 1978). Accordingly, some district courts applying 405(g) have declined to review appeals in which the Plaintiff "challenges the determination of an onset date he himself submitted." *Figueroa*, 2011 WL 3502394, at *7 (citations omitted). While the Fifth Circuit has never addressed this issue, these courts have held that a fully favorable decision is not subject to judicial review, when plaintiff, "through his representative, [ ] knowingly stipulated to the amended disability onset date, and was not coerced or deceived into making the stipulation." *Daniels v. Comm'r of Soc. Sec.*, 456 F. App'x. 40, 41 (2d Cir. 2012); *see also, e.g., Cairo v. Comm'r of Soc. Sec.*, No. 15-CV-5171- DLI, 2017 WL 1047329, at *1 (E.D.N.Y. Mar. 16, 2017); *Stewart v. Astrue*, No. 10-CV-3922-SJF, 2012 WL 32615, at *2 (E.D.N.Y. Jan. 4, 2012); *Bruno v. Astrue*, No. 09-CV-4690- JSR-DF, 2010 WL 5653398, at *4-6 (S.D.N.Y. Sept. 16, 2010), *adopted by* 2011 WL 308372 (S.D.N.Y. Jan. 28, 2011). Thus, under this rule, jurisdiction is proper in the instant case if Plaintiff can establish that she did not knowingly consent to the amended onset date. The undersigned considers the following facts.

5

Following remand, a newly assigned ALJ[3] sent a letter, dated October 22, 2015, to Plaintiff's administrative counsel requesting assistance in developing the record related to the claimant's gastric cancer and any relevant evidence. The next day, counsel submitted the following response:

> After conferring with Mrs. Linda Ransom, the substitute party in the above referenced claim, we feel the alleged onset of disability date in this case should be amended to March 28, 2013. We request you accept this, our motion to amend the alleged onset date of disability, and find Mr. Charles Ransom to have been disabled as of March 28, 2013. Thank you for your consideration of these matters.[4]

Nothing of record indicates that Plaintiff received a copy of this letter. *Compare, Harris v. Berryhill,* No. 15-CV-02694-JCS, 2017 WL 994933 (N.D. Cal., Mar. 15, 2017) (observing that counsel's letter indicated that the claimant received a copy of motion to amend onset date). At the administrative hearing held on March 8, 2016, the ALJ inquired whether counsel had discussed amending the onset date with Plaintiff, and whether she was "amenable to that and understands what's going on."[5] Counsel responded that he had discussed it with her both before submitting the request to amend and prior to the hearing. However, the administrative transcript reflects that Mrs. Ransom was not present during this exchange because she had become emotional once the hearing commenced and stepped out. In her absence, counsel waived her right to

---

[3] The ALJ originally assigned to this matter passed away while this case was pending on appeal.

[4] ECF No. 10, p. 445.

[5] *Id*. at 307, 401.

6

appearance and the hearing proceeded, with the ALJ remarking that the decision had been made easier by the amended onset date.

Approximately one month after the ALJ issued a decision awarding benefits as of the amended onset date, Plaintiff's administrative counsel sent a letter, dated May 11, 2016, requesting the ALJ vacate the decision. He specifically asked that the ALJ set aside the amended onset date and schedule a supplemental hearing so that Plaintiff could testify "and a decision could be made as to when Mr. Ransom became disabled." As grounds, counsel asserted that the amendment was made "at the request of ODAR," and that "[a]t the time of the amendment and the hearing, Mrs. Ransom was very emotional, and unable to make an informed decision concerning the amendment." ALJ Guthrie responded as follows:

> Your letter indicates that the onset date was amended "At the request of ODAR," however this was not the case. I have enclosed my letter to your firm of October 21, 2015, requesting assistance in developing the file in accordance with the order of the Appeals Counsel, which required us to develop medical records relevant to the claimant's diagnosis of gastric cancer with liver metastasis. An amendment to the alleged onset date was not mentioned in my letter. I received your letter of October 22, 2016 in response, which is enclosed for your reference, stating that you had conferred with Ms. Linda Ransom, the substituted party, and that with her consent you requested that the onset date be amended to March 28, 2013, the date Mr. Ransom went to the hospital. Our claim records further reflect that your office spoke to an ODAR Case Technician on November 12, 2015, and indicated that there were no further medical records to submit.

> And so the hearing was held on March 8, 2016, with a medical expert as required, who had no issue opining that Mr. Ransom met the listing for cancer as of your amended onset date (which was the day before objective test results showed his clear diagnosis), thus resulting in a fully favorable decision. I understand that Ms. Ransom still grieves the loss of her husband, and would like to provide additional testimony, but without evidence that Ms. Ransom is an acceptable medical source in accordance

7

with Social Security Ruling 06-3p, I am guided by Social Security Ruling
96-4p, which states:

> Although the regulations provide that the existence of a
> medically determinable physical or mental impairment must
> be established by medical evidence consisting of signs,
> symptoms, and laboratory findings, the regulations further
> provide that under no circumstances may the existence of an
> impairment be established on the basis of symptoms alone.
> Thus, regardless of how many symptoms an individual
> alleges, or how genuine the individual's complaints may
> appear to be, the existence of a medically determinable
> physical or mental impairment cannot be established in the
> absence of objective medical abnormalities; i.e., medical
> signs and laboratory findings.

At the hearing, we confirmed that there was no additional medical evidence
that would assist the medical expert in determining an earlier onset date
than March 28, 2013. In the absence of further medical evidence your
request for a supplemental hearing for additional testimony from Ms.
Ransom is denied.[6]

After the motion to vacate was denied, Plaintiff retained new counsel and filed the instant appeal. In an affidavit submitted in support thereof, she denies consenting to the amendment. She specifically avers that she has no recollection of discussions with her administrative counsel about amending the onset date, and she attaches email correspondence from new counsel advising her of the amendment and its adverse impact, presumably for the first time. She states:

> I do not recall whether I ever had a conversation with Mr. Davis or
> any other attorney or staff member of the Myler Firm regarding
> amending the alleged onset date for my deceased husband's Social
> Security disability application to March 28, 2013. . . .

---

[6] ECF No. 10, pp. 291-92, 494.

8

> Today, I saw for the first time a letter from Mr. Davis to the Social Security Administration, dated October 22, 2015, seeking to amend the alleged onset date for my husband's Social Security disability application to March 28, 2013. . . .
>
> If I had been advised that amending the alleged onset date for my deceased husband's Social Security disability application to March 28, 2013 would result in me receiving little or no disability benefits, I would *not* have agreed to amend the alleged onset date.[7]

To this last point, Plaintiff asserts that counsel rendered ineffective assistance by failing to advise that amending the onset date would result in her receiving no benefits on the Title II claim. She maintains that counsel's ineffectiveness, compounded with the ALJ's failure to obtain a valid waiver of her appearance at the hearing, prejudiced her claim. In support, she cites SSR 79-16, which provides that "[a]n individual or the individual's authorized representative may waive the right to personal appearance at a hearing ***only by a writing*** signed by the individual or the authorized representative . . . ." Titles, II, XVI, and XVIII: Waiver of Personal Appearance at a Hearing, SSR 79–19, 1979 WL 15541, at *2 (Jan. 1, 1979) (emphasis added).

Notably, Plaintiff's declaration was not presented to the ALJ or the Appeals Council. It may be considered here for the first time but only upon a showing that it is new, material and good causes exists for "the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see also Bradley v. Bowen,* 809 F.2d 1054, 1058 (5th Cir. 1987)). "Evidence that was 'not in existence at the time of the administrative . . . proceedings meets the 'new' requirement for remand[,]'" *Hunter v.*

---

[7] ECF No. 12-2.

9

*Astrue*, 283 F. App'x. 261, 262 (5th Cir. 2008), while material evidence must "relate to the time period for which benefits were denied," and it may not "concern evidence of a later-acquired disability, or of the subsequent deterioration of a previously non-disabling condition."  *Haywood v. Sullivan*, 888 F.2d 1463, 1471-72 (5th Cir. 1989) (quoting *Johnson v. Heckler,* 767 F.2d 180, 183 (5th Cir. 1985)).  There must also be a reasonable probability that the new evidence would change the outcome of the case.

  Plaintiff's declaration meets the new requirement, as it is not cumulative to evidence already in the record.  Although her previous counsel asserted that she was unable to make an informed decision concerning the amendment in his post-hearing motion, he attributed her inability to the fact that she excused herself because she became too emotional during the administrative hearing.  Plaintiff declares that she does not recall if there was any conversation with counsel regarding amendment.  Assuming the Court finds that the impropriety of administrative counsel, as alleged by Plaintiff, constitutes good cause for failing to raise this issue in the earlier proceedings, given these facts, Plaintiff's declaration establishes a reasonable possibility that, at a minimum, the ALJ would have granted a supplemental hearing.

  To be clear, the undersigned does not suggest that an ALJ cannot rely on the representations of counsel.  An ALJ is generally entitled to "rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored."  *Branum v. Barnhart,* 385 F.3d 1268, 1271 (10th Cir. 2004) (quoting *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997)).  *See also* 20 C.F.R § 416.1510(a) ("Your representative may, on your behalf—(1) Obtain information about

10

your claim to the same extent that you are able to do; (2) Submit evidence; (3) Make statements about facts and law; and (4) Make any request or give any notice about the proceedings before us."). The undersigned has also found no authority requiring an ALJ to obtain a written waiver of appearance under the circumstances presented here. But even if the ALJ erred in failing to secure a written waiver before Plaintiff left the hearing, the absence of a knowing and voluntary waiver of appearance requires remand only if Plaintiff was prejudiced by her absence. *Compare, Mosley v. Astrue*, No. 3:07-CV-729-J-TEM, 2008 WL 3982508 (M.D. FL. Aug. 25, 2008) (finding no due process violation where claimant was present for a portion of the hearing and the ALJ heard the claimant's testimony and had an opportunity to observe claimant). For the reasons further set forth herein, the undersigned finds that such was the case here.

As to the threshold question of jurisdiction, however, Plaintiff has presented sufficient evidence that she did not knowingly and intelligently stipulate to the amended onset date. She is therefore entitled to judicial review.

**II.**

The inquiry does not end here, however. While the starting point of determining the disability onset date is the claimant's allegation as to when disability began, "the medical evidence is the primary element in the determination of the onset of disability." *Orphey v. Massanari*, 268 F.3d 1063 (5th Cir. 2001) (quoting *Spellman v. Shalala*, 1 F.3d 657, 361 (5th Cir. 1993)). The determinative issue is whether substantial evidence supports the ALJ's onset date determination.

11

As indicated *supra,* the ALJ explained that he was denying Plaintiff's motion to vacate and request for supplemental hearing because the administrative hearing confirmed that no additional medical evidence would assist the medical expert in determining an onset date earlier than March 28, 2013.  On further review, the undersigned notes that in the initial correspondence with counsel immediately following remand, dated October 21, 2015, the ALJ references additional medical records.  The ALJ stated:

> We have received the records from University Medical Center, which you sent on September 25, 2015, which seem to indicate that the cancer was not discovered until March 2013, ***but that Mr. Ransom may have been having some abdominal pain several months previously***.[8]

The undersigned had been unable to locate these medical records in the administrative record.  They are not addressed by either party on appeal, and do not appear to have been provided to the medical expert for review.  The only supplemental evidence considered on remand were medical records from the University Medical Center, covering treatment from March to June 2013, and were submitted by counsel on February 15, 2016.

Social Security Ruling 83–20 requires that the disability onset date be established based on legitimate medical evidence.  The ruling, which is binding on the Social Security Administration, provides that:

> To establish onset of disability prior to the time a malignancy is first demonstrated to be inoperable or beyond control by other modes of therapy (and where prior evidence is nonexistent) requires a medical judgment by a physician. (At the hearing level, the ALJ should obtain an expert opinion from a medical source.) This judgment is based on medically reported

---

[8] ECF No. 10, p. 401 (emphasis added).

>symptoms, the type and location of the specific malignancy, and extent of involvement when first demonstrated.

SSR 83-20, 1983 WL 31249, at *4.  *See also Spellman,* 1 F.3d at 362 ("We therefore hold that in cases involving slowly progressive impairments, when the medical evidence regarding the onset date of a disability is ambiguous and the Secretary must infer the onset date, SSR 83–20 requires that that inference be based on an informed judgment. The Secretary cannot make such an inference without the assistance of a medical advisor.").

In the instant case, the ALJ employed the services of a medical expert in compliance with both SSR 82-20 and the Court's remand order.  The medical expert testified that the claimant met the listing for cancer "as of the amended alleged onset date of March 28, 2013," and the Commissioner cites this as evidence that the ALJ did not blindly accept the amended onset date proposed by counsel.  However, the expert was asked about listing severity, not the onset of disability.  In cases involving slowly progressive impairments, such as cancer, "it is not necessary for an impairment to have reached listing severity (i.e., be decided on medical grounds alone) before onset can be established."  *Spellman*, 1 F.3d at 361 (quoting SSR 83-20).  "[T]he critical date is the date of *onset* of disability, *not* the date of diagnosis." *Swanson v. Secretary of Health & Human Services,* 763 F.2d 1061, 1065 (9th Cir. 1985) (emphasis in original).

Further, in denying Plaintiff's request for a supplemental hearing, the ALJ stated that no additional medical evidence would assist the medical expert in determining an onset date earlier than March 28, 2013.  Although counsel indicated that no additional

13

records were available at the administrative hearing, the ALJ's letter from October 2015 suggests the record upon which the medical expert relied was incomplete. Additional development is needed to reconcile this discrepancy. "[I]f there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made." SSR 83–20, at *3.

Lastly, the Court finds that Plaintiff may have been prejudiced by her absence from the hearing. Although she was present during the opening remarks, she was not in the hearing room for the medical expert's testimony, nor was she asked about her husband's impairments prior to his cancer diagnosis. Although the ALJ cited SSR 96-4p as a basis for denying a supplemental hearing, 1996 WL 3747187, at * 2 (July 2, 1996), it does not address the determination of a claimant's disability onset date; yet, SSR 83-20 "specifically contemplates the possibility that an onset date may precede any medical treatment."[9] *Wilson v. Colvin*, 17 F.Supp.3d 128, 139 (D.N.H., 2014) (citing SSR 83-20, 1983 WL 31249, at *3 ("[I]t may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working."). SSR 83-20 also requires an ALJ to consider "other sources of documentation" such as testimony from family when "reasonable inferences about the progression of the impairment cannot be made on the basis of the evidence in [the] file and additional relevant medical evidence is not available." *Id.* On remand, the ALJ

---

[9] In fact, the ALJ notes in his decision that the claimant had "reported the pain had begun a month earlier, but he had not sought previous medical treatment for this problem." ECF No. 10, p. 300.

should consider Plaintiff's testimony pursuant to this provision of SSR 83-20 in addition to any "reasonable inferences" made concerning the onset date in consultation with a medical expert. *See Blea v. Barnhart*, 466 F.3d 903, 915 (10th Cir. 2006)

For all these reasons, the undersigned recommends that this case be remanded for reconsideration of the onset date, and for proceedings consistent with this opinion. If warranted upon further review, the ALJ should comply with the directives of the Court's previous remand order of April 3, 2015. It is further recommended that Plaintiff's Motion for Summary Judgment be granted, and the Defendant's Motion to Affirm the Commissioner's Decision be denied.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December

1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED on January 29, 2018.

                                                          s/ Linda R. Anderson
                                       UNITED STATES MAGISTRATE JUDGE